## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**DIETRICK LEWIS JOHNSON,**

        Petitioner,

    v.                                     **Civil Action No. 5:20-CV-254**
                                                      Judge Bailey

**WARDEN HUDGINS,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On December 14, 2020, Dietrick Johnson, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction from the Eastern District of Texas. On December 29, 2020, the petitioner paid the $5 filing fee. On April 5, 2021, the respondent was ordered to show cause why the petition should not be granted. On May 28, 2021, the respondent filed a response with an affidavit and exhibits. On June 2, 2021, the petitioner was given a notice that he had until August 21, 2021, to file a reply. On August 4, 2021, the petitioner was issued a ***Roseboro*** Notice providing him with 60 days to file a reply. To date, the petitioner has not filed a reply. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

## II. **BACKGROUND**[1]

On April 12, 2012, a three-count Indictment was filed in the United States District Court for the Eastern District of Texas, Sherman Division, against the petitioner. [Hereinafter referred to as 2012 Criminal Case]. Count 1 charged him with Carjacking[2], in violation of 18 U.S.C. § 2119. Count 2 charged Possession of a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). Count 3 charged Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). On April 17, 2012, an order for Writ of Habeas Corpus ad Prosequendum was issued. On April 20, 2012, the petitioner was obtained on the writ from the Collin County, Texas, Jail.

On August 7, 2012, before Magistrate Judge Mazzant, the petitioner entered a plea of guilty to Count 1 of the Indictment pursuant to a written, binding Rules 11(c)(1)(C) Plea Agreement. Both parties agreed that the appropriate sentence in this case was a term of imprisonment of 240 months, forfeiture as noted in paragraph 7 of the Plea Agreement; a mandatory special assessment of $100; and a fine, restitution, or term of supervised release as ordered by the Court. The agreement provided that if the Court declined to accept the agreement, the petitioner would be given the opportunity to withdraw from the plea. The petitioner signed a Statement of Facts in Support of Plea Agreement, which

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal dockets. See **United States v. Johnson**, 4:12-cr-80-MAC-CAN and **United States v. Johnson**, 4:13-cr-00088-MAC-DDB. In particular, the undersigned has relied on the petitioner's PSR which was scanned by the sentencing court to the pro se law clerk assigned to this case. **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[2] The victim of the carjacking was Sammi Love, a female who the petitioner dated during 2011, and who ended the relationship by December of that year.

summarized his involvement in the instant offense.  Following his plea, the petitioner was remanded to the custody of the United State's Marshals Service.  The Magistrate Judge accepted the petitioner's guilty plea and issued a Report and Recommendation in which he recommended that the District Court except the guilty plea and enter a final judgment of guilt against the petitioner. On August 8, 2012, the District Judge signed the Order Adopting Magistrate Judge's Report and Finding Defendant Guilty on Count 1 of the Indictment. The petitioner's guilty plea and the Plea Agreement were accepted by the court conditioned upon a review of the Presentence Report.

On April 5, 2013, a Criminal Complaint was filed in the United States District Court for the Eastern District of Texas. [Hereinafter referred to as the 2013 Criminal Case]. The Complaint charged the petitioner with Solicitation to Commit a Crime of Violence, in violation of 18 U.S.C. § 373, and Attempted Tampering with a Witness, Victim, or Information in violation of 18 U.S.C. § 1512(a)(2)(A).  These offenses occurred between March 2013 and the date of the complaint.  On April 11, 2013, an Indictment was returned charging the petitioner with one count only, Tampering with a Witness, Victim or Informant in violation of 18 U.S.C. § 1512(a)(2)(A).[3]

On October 15, 2013, the petitioner entered a plea of guilty to the indictment pursuant to written plea agreement.  The plea agreement provided that the appropriate sentence was a term of imprisonment for 125 months.

---

[3] On April 4, 2013, Sergeant Utsey with the Collin County Sheriff's Office told federal investigators that three outgoing inmate letters from the petitioner had been intercepted, and in one of the letters the petitioner asked a family member to send a firearm through the United States Mail to a fellow inmate who was to use the firearm to kill Sammi Love, the victim of the Carjacking crime in the 2012 Criminal Case.

On November 15, 2013, the petitioner was sentenced to a 240-months term of imprisonment for the 2012 case and a term of 125-months for the 2013 case. The Court ordered as follows:

> These terms shall run consecutively to one another, for a total term of 365 months. This sentence imposed shall run CONCURRENTLY to the following cases: Case Nos. 219-81234-2012 and 2019-81235-2012, 219th Judicial District Court of Collin County, McKinney, Texas. Case No.: F-1233340, 283rd Judicial District Court of Dallas County, Dallas, Texas, Case No: F-1270672, 204th Judicial District Court of Dallas County, Dallas, Texas. The sentence imposed in this case shall run CONSECUTIVELY to: Case #219-82905-2012, 219th Judicial District of Collin County, McKinney, TX.

On November 21, 2013, the petitioner was returned to the custody of state authorities, and the Judgments in the criminal cases were filed as a detainer. On December 12, 2013, the petitioner entered the custody of the Texas Department of Criminal Justice.

On November 22, 2013, the petitioner filed a Notice of Appeal. His attorney submitted a no merit brief in accordance with ***Anders v. California***, 386 U.S. 738 (1967) and ***United States v. Flores***, 632 F.3d 229 (5th Cir. 2011). The petitioner filed a response. The Fifth Circuit conducted its own review of the record and concurred with counsel's assessment that the appeal presented no nonfrivolous issue for an appeal, and the appeal was dismissed. ***United States v. Johnson***, 576 F. App'x 307 (5th Cir. 2014).

On July 11, 2014, the petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On September 14, 2014, an Amended Judgement was entered to correct his sentence. Specifically, the following portion of the order was removed: "The sentence imposed shall run CONSECUTIVELY to: Case #219-82905-2012, 219th Judicial District Court of Collin County, McKinney, TX." [Doc. 1—9].

On June 17, 2015, the Government filed a motion to dismiss the indictment in the 2013 Criminal Case without prejudice. The Government conceded that the indictment was invalid because it was returned by a grand jury whose term was expired. On June 22, 2015, the Court granted the Government's motion and dismissed the indictment without prejudice. Consequently, the petitioner is currently serving a 240-month sentence, and his projected release date via good conduct time is December 30, 2030.

On July 29, 2015, the petitioner's § 2255 Motion was denied and dismissed with prejudice. Since then, the petitioner has peppered the sentencing court with at least two more § 2255 motions; two motions to file a Rule 52(b) motion; two motions for leave to file under Rule 60(b); a motion under the exclusionary rule; a motion pursuant to Article IX-authentication and identification, under 901(a) of the Federal Rules of Evidence; a motion pursuant to § 3142(a)(1)(b); a motion requesting admission; a motion to dismiss; a motion for leave to withdraw his guilty plea; and a motion for compassionate release, all of which have been denied.

### III. STANDARD OF REVIEW

A. **Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b)

Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See* **Erickson v. Pardus**, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See* **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

### IV. CLAIMS OF THE PETITION

In his petition, petitioner repeats his claim that his sentence exceeded the maximum permitted. He claims that his plea of guilty was not made knowingly and voluntarily because the potential penalty set forth in the indictment, plea agreement, and plea hearing were all incorrect. In his memorandum in support, petitioner further challenges the BOP's classification of him as a sex offender. He further contends that he is entitled to relief under **United States v. Wheeler**, 886 F.3d 415 (4th Cir. 2018).

### V. APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions

or their sentences are required to proceed under section 2255 in the district court of conviction. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2000); **In re Vial**. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings

7

clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. *In re Vial*, 115 F.3d at 1194, n.5; *In re Jones*, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. *Id*.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[4] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his **conviction** or the legality of his **sentence**. *See United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Where, as here, a petitioner is challenging the legality of his **conviction**, § 2255 is deemed to be "inadequate or ineffective" only when all **three** of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

---

[4] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the *Jones* test for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See *Wheeler*, 886 F.3d at 423–26.

## VI.   ANALYSIS

As an initial matter, the Court notes that *Jones* and *Wheeler* provide the applicable tests for determining whether petitioner can meet the savings clause of § 2255. Respondent contends that "we must look to the substantive law of the Fifth Circuit to determine whether Petitioner is entitled to relief under the savings clause of § 2255. Petitioner's reliance on Fourth Circuit case law, including all references to *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), is immaterial." [Doc. 30 at 9]. While it is certainly true that this Court must apply the procedural law of the Fourth Circuit but the substantive law of the circuit where defendant was convicted, the tests set forth in *Jones* and *Wheeler* are procedural. See *Hahn v. Moseley*, 931 F.3d 295 (4th Cir. 2019); *Wong v. Breckon*, No. 7:19CV00278, 2020 WL 4340940, at *2 (W.D. Va. July 28, 2020) ("while the court must apply the procedural standard in *Wheeler*, it must do so using Eleventh Circuit substantive law.") (citing *Hahn*).

It is clear that petitioner is not entitled to the application of § 2255's savings clause. First, to the extent that petitioner is arguing that his conviction is invalid because his plea was not knowing and voluntary, petitioner is unable to meet the *Jones* test. Even if he satisfied the first and the third elements of *Jones*, the crimes for which he was convicted, violation of 18 U.S.C. § 2119, remains a criminal offense, and therefore, he cannot satisfy the second element of *Jones*.

Similarly, to the extent petitioner is challenging his sentence, he must meet all four prongs of the *Wheeler* test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if the petitioner met the first, second, and third prongs of *Wheeler*, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018).

Finally, to the extent that petitioner challenges the BOP categorizing him as a sex offender, this is not a proper habeas claim. A section 2241 petition is used to attack the manner in which the sentence is executed. *See* 28 U.S.C. § 2241. More specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement but not the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973). Thus, petitioner's claims regarding the conditions of his confinement should have been raised pursuant to a civil rights complaint. *Preiser* at 499–500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life). Because this claim is not a proper claim under § 2241, it should be dismissed.

## VII.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION** and that Petitioner's Motion Requesting the Court to Order a Deposition on His State Public Defender [**Doc. 53**] be **DENIED AS MOOT**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** December 22, 2021.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE